STARN ● O'TOOLE ● MARCUS & FISHER
A Law Corporation

DOUGLAS S. CHIN            6465-0
JOHN W. KELLY              9907-0
Pacific Guardian Center, Makai Tower
733 Bishop Street, Suite 1900
Honolulu, Hawai'i 96813
Telephone: (808) 537-6100
E-mail:  dchin@starnlaw.com
         jkelly@starnlaw.com

OFFIT | KURMAN, Attorneys at Law
TONY PEZZANO *(pro hac vice pending)*
MATTHEW ASBELL *(pro hac vice pending)*
CHINTAN DESAI *(pro hac vice pending)*
590 Madison Avenue, 6th Floor
New York, New York 10022
Telephone: (929) 476-0045
E-mail: tony.pezzano@offitkurman.com
        matthew.asbell@offitkurman.com
        chintan.desai@offitkurman.com

Attorneys for Plaintiff
HAWAII LIFE REAL ESTATE SERVICES, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAII LIFE REAL ESTATE SERVICES, LLC, a Hawaii limited liability company,<br><br>    Plaintiff,<br><br> v.<br><br>LOCKET IP LLC,<br><br>    Defendant. | CIVIL NO. 1:22-cv-00080<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT; DEMAND FOR JURY TRIAL; EXHIBITS 1 – 4** |

2579811.1

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Hawaii Life Real Estate Services, LLC ("*Plaintiff*" or "*Hawaii Life*"), through its undersigned counsel, hereby submits this Complaint for Declaratory Judgment against Defendant Locket IP LLC ("*Defendant*" or "*Locket IP*"), as follows:

## NATURE OF THE ACTION

1. This is an action for a declaratory judgment arising under the patent laws of the United States, Title 35 of the United States Code. Hawaii Life seeks declaratory judgment that it does not infringe U.S. Patent No. 10,514,832 ("*'832 Patent*"), literally or under the doctrine of equivalents, and that the '832 Patent is invalid. This action arises from a real and immediate controversy between Hawaii Life and Locket IP regarding whether Hawaii Life infringes any claims of the '832 Patent.

## PARTIES

2. Plaintiff Hawaii Life Real Estate Services, LLC, is a Hawaii limited liability company organized and existing under the laws of the State of Hawaii, with its principal place of business located in Hanalei, Hawaii. Hawaii Life is, and at all relevant times was, authorized to transact business in the State of Hawaii.

3. Upon information and belief, Defendant Locket IP LLC is a corporation organized and existing under the laws of the State of Texas, with a principal place of business located in Frisco, Texas.

4. Upon information and belief, Locket IP is the owner by assignment of all rights, title and interest in and under the '832 Patent, entitled "Method for Locating Regions of Interest in a User Interface," which is attached as Exhibit 1.

## JURISDICTION AND VENUE

5. This action arises under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and under the patent laws of the United States, Title 35 of the United States Code.

6. This Court has subject matter jurisdiction over the claims alleged in this action pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201 because this action involves claims arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, and under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. Jurisdiction is also proper because Locket IP is a citizen of a different state than Hawaii Life.

7. Locket IP is subject to personal jurisdiction in this Court at least because Locket IP engaged in actions in this District that form the basis of Hawaii Life's claims against Locket IP and that have created a real, live, immediate and justiciable case or controversy between Locket IP and Hawaii Life.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because this is the judicial district in which a substantial part of the events giving rise to the claim alleged in this Complaint occurred.

9. For these reasons and the reasons set forth below, a justiciable controversy exists between the parties which is of sufficient immediacy and reality to warrant declaratory relief.

## FACTUAL ALLEGATIONS

10. Hawaii Life is a leading real estate brokerage that connects buyers, sellers and developers throughout the State of Hawaii. Hawaii Life also provides short-term and long-term rental experiences to homeowners and tenants statewide. As a result of its continued success, Hawaii Life is the leader in residential listings by both volume and units in the State of Hawaii.

11. On September 27, 2021, Locket IP, through its counsel IP Edge LLC ("***IP Edge***"), sent a letter and attached claim chart to Hawaii Life addressed to Matt Beall, Chief Executive Officer of Hawaii Life (collectively the "***Notice Letter***"). A true and accurate copy of the Notice Letter is attached hereto as Exhibit 2, and is incorporated herein in its entirety by reference.

12. In the Notice Letter, Locket IP asserts it is the purported owner of the '832 Patent. However, there is no indication of Locket IP's relation to the '832

Patent. On its face, the '832 Patent owner is identified as "Thomson Licensing" of France.

13. In the Notice Letter, Locket IP (1) accuses Hawaii Life of infringement of the '832 Patent; (2) identifies Hawaii Life's website ("hawaiilife.com") as an accused instrumentality; (3) outlines alleged conduct attributable to Hawaii Life and alleges that conduct to be infringing; (4) provides a claim chart asserting Locket IP's theory of Hawaii Life's infringement of the '832 Patent; and (5) requests a response within two weeks of the aforementioned date of the letter.

14. The Notice Letter and claim chart accuse Hawaii Life of activities which Locket IP alleges infringe the '832 Patent, including "making, using, selling and/or offering for sale, as well as instructing Hawaii Life customers to use, [hawaiilife.com]."

15. In the claim chart attached to the Notice Letter, Locket IP specifically identifies hawaiilife.com ("***Hawaii Life Product***") as an accused instrumentality and accuses it of infringing only Claim 1 of the '832 Patent.

16. Hawaii Life became aware of at least one additional patent, U.S. Patent No. 9,836,190 ("***'190 Patent***"), that was enclosed with IP Edge's Notice Letter of September 27, 2021, but was not asserted in the Notice Letter or attached claim chart.

17. The Notice Letter sent by Locket IP is signed by its counsel, Mr. Gautham Bodepudi of IP Edge. In the Notice Letter, Locket IP identifies IP Edge as its "licensing advisor."

18. IP Edge through its counsel Rowie Divicay has consistently sent email reminders on October 15, 26, November 16, 17, December 7, 8, 2021 and January 12, 14, 25, 27, February 14, 2022 to counsel for Hawaii Life requesting a response to the Notice Letter.

19. Upon information and belief, Mr. Bodepudi and IP Edge are linked with several non-practicing entities ("**NPE**"), e.g., patent trolls, that have acquired large numbers of patent properties from companies with the intention of launching patent infringement suits against companies. Upon information and belief, these patent trolls seek quick settlements by creating risk and exploiting the exorbitant costs of litigation. As a result, they are able to often extract, in aggregate, significant sums.

20. Upon information and belief, Mr. Bodepudi and IP Edge are linked with several entities including, but not limited to, Magnolia Licensing LLC, Sunflower Licensing LLC, Bataan Licensing LLC, Diatek Licensing LLC, Freetek Holdings LLC, Triumph IP LLC, Array IP LLC, Hermes Licensing LLC, Kittleg Holdings LLC, Longbeam Technologies LLC, Spiral IP LLC and Wiesblatt Licensing LLC. A true and accurate copy of an August 10, 2021 RPX article discussing IP Edge and

its several entities is attached hereto as Exhibit 3, and is incorporated herein in its entirety by reference.

21. Several patents, including the '832 Patent, were originally acquired by Magnolia Licensing LLC from Thomson Licensing and subsequently transferred to Locket IP. A true and accurate copy of the assignment history for the '832 Patent as retrieved from the Assignment Branch of the United States Patent and Trademark Office is attached hereto as Exhibit 4, and is incorporated herein in its entirety by reference.

22. Upon information and belief, IP Edge and its associated entities, including Locket IP, filed about 550 complaints in 2020 alone against 500 different defendants. Upon information and belief, several of the patents that were acquired along with the '832 Patent are the subject of numerous pending litigations in various jurisdictions throughout the United States.

23. Upon information and belief, IP Edge and Locket IP's purpose of obtaining the '832 Patent along with the other patents was to assert the patents against companies such as Hawaii Life to impair their ability to do business unless they hand over significant licensing sums in response to Locket IP's predatory and baseless practices.

24. Upon information and belief, IP Edge provides substantive enforcement counsel to its various associated entities including Locket IP.

25. Upon information and belief, Locket IP offers no products or services aside from its licensing of the '832 Patent, and it exists solely for that purpose.

26. Hawaii Life and Locket IP have a clear conflict of asserted rights against one another, and an actual controversy exists between Hawaii Life and Locket IP with respect to the '832 Patent.

27. As a result of Locket IP's actions, Hawaii Life has a reasonable apprehension of enforcement of the '832 Patent against it. Therefore, Hawaii Life files this action in order to resolve an actual and justiciable controversy between itself and Locket IP hereto.

### The Subject Matter Claimed in the '832 Patent

28. The '832 Patent is directed to the abstract idea of accessing and searching a database of known television program display cards.

29. The purported invention, which is directed toward "a user interface that displays a number of cards or windows" and allows a user to "implement a command where the user interface will automatically change the position of the displayed cards to show regions of interest" is nothing more than a routine business method of using a television guide to filter and sort out programming based on user preferences.

30. Upon information and belief, the '832 Patent is directed to a known method of organizing and displaying television programming data based on user preferences.

## COUNT I
## Request for Declaratory Judgment of Non-Infringement of
## U.S. Patent No. 10,514,832

31. Hawaii Life incorporates and realleges each allegation contained in prior paragraphs of this Complaint, as though fully set forth herein.

32. There is an actual and justiciable controversy between Hawaii Life and Locket IP concerning infringement of the '832 Patent.

33. Hawaii Life has not infringed and does not infringe either literally or under the doctrine of equivalents any claim of the '832 Patent, including Claim 1 asserted by Locket IP, directly, contributorily, or by inducement.

34. The Hawaii Life Product does not infringe asserted Claim 1 of the '832 Patent either literally or under the doctrine of equivalents because it does not include at least the following claim limitations of Claim 1, literally or under the doctrine of equivalents: "determining, in response to a user command, regions of interest within each of a plurality of cards by searching information indicating previous user preferences", "updating for display the plurality of cards to visibly show in a display area of a display device the at least one region of interest of multiple cards included in a first group of the plurality of cards" and "to visibly display the at least one region of interest within all of the multiple cards included in the first group within the display area of the display device."

35. Hawaii Life does not directly infringe asserted Claim 1 of the '832 Patent because it does not perform each and every element of asserted Claim 1, for at least the reasons set forth above with respect to no underlying direct infringement of Claim 1 of the '832 Patent.

36. Hawaii Life does not actively induce its customers to infringe asserted Claim 1 of the '832 Patent for at least the reasons stated above with respect to no underlying direct infringement of Claim 1 of the '832 Patent.

37. Hawaii Life does not actively contribute to its customers' infringement of Claim 1 of the '832 Patent for at least the reasons stated above with respect to no underlying infringement of Claim 1 of the '832 Patent.

38. Hawaii Life does not indirectly infringe asserted Claim 1 of the '832 Patent because it has a good faith belief that Claim 1 is invalid and not infringed.

39. Hawaii Life is entitled to a declaratory judgment that it does not directly or indirectly infringe any claims of the '832 Patent, including asserted Claim 1, either literally or under the doctrine of equivalents.

## COUNT II
## Request for Declaratory Judgment of Invalidity of U.S. Patent No. 10,514,832

40. Hawaii Life incorporates and realleges each allegation contained in prior paragraphs of this Complaint, as though fully set forth herein.

41. There is an actual and justiciable controversy between Hawaii Life and Locket IP concerning validity of the '832 Patent.

42. The claims of the '832 Patent are invalid for failure to comply with one or more of the conditions of patentability under Title 35 of the United States Code and related judicial doctrines, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

43. The claims of the '832 Patent are invalid as anticipated under 35 U.S.C. § 102 and/or obvious under 35 U.S.C. § 103 in light of the relevant prior art that disclose each claim element of the '832 Patent prior to the effective filing date of the '832 Patent. For example, asserted Claim 1 of the '832 Patent is anticipated by U.S. Patent Publication No. 2012/0054794 A1 ("*Kim*"), U.S. Patent Publication No. 2012/0147055 A1 ("*Pallakoff*"), U.S. Patent Publication No. 2009/0259958 A1 ("*Ban*"), U.S. Patent Publication No. 2008/0122796 A1 ("*Jobs*"), and International Publication No. WO 2011/011120 A2 ("*Shiplacoff*"), each of which discloses each and every element of asserted Claim 1. To the extent asserted Claim 1 is not anticipated by any one of the references, Claim 1 would have been obvious over Kim to a person of ordinary skill in the art, or in the alternative, over any one of Pallakoff, Ban, Jobs or Shiplacoff in view of Kim. Hawaii Life is not aware of any secondary considerations that could rebut this prima facie case of obviousness.

44. As yet another example, the claims of the '832 Patent are invalid for failing to comply with the requirements of 35 U.S.C. § 112(a) and (b). For example, asserted Claim 1 of the '832 Patent is indefinite under Section 112(a) and fails to

meet the written description requirement under Section 112(b) because the limitation "the at least one region of interest of multiple cards" has no antecedent basis and is vague and ambiguous.

45. The claims of the '832 Patent are also invalid under 35 U.S.C. § 101. For example, the claims of the '832 Patent (including asserted Claim 1) are directed to the abstract idea of selecting, sorting, and displaying television program information by user interest or subject matter.

46. Hawaii Life is entitled to a declaratory judgment that the claims of the '832 Patent, including asserted Claim 1, are invalid under 35 U.S.C. §§ 101, 102, 103 and/or 112(a) and (b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a final judgment in its favor and against Defendant as follows:

1. A declaratory judgment that Hawaii Life has not infringed and does not infringe any of the claims of the '832 Patent, including asserted Claim 1;

2. A declaratory judgment that the claims of the '832 Patent, including asserted Claim 1, are invalid under 35 U.S.C. §§ 101, 102, 103 and/or 112(a) and (b);

3. Find this to be an exceptional case under 35 U.S.C. § 285, and award Hawaii Life its reasonable attorneys' fees;

4. Award Hawaii Life its costs and attorneys' fees; and

5. Award Hawaii Life such other relief as the Court may deem proper.

DATED: Honolulu, Hawaii, February 28, 2022.

/s/ *John W. Kelly*
DOUGLAS S. CHIN
JOHN W. KELLY
TONY PEZZANO (*pro hac vice pending*)
MATTHEW ASBELL (*pro hac vice pending*)
CHINTAN DESAI (*pro hac vice pending*)

Attorneys for Plaintiff
HAWAII LIFE REAL ESTATE SERVICES, LLC